TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0557-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


STEVEN O. THORNTON                                    RESPONDENT


### OPINION AND ORDER


Pursuant to SCR[1] 3.167(1), the Kentucky Bar Association (KBA) has petitioned this Court to enter an order indefinitely suspending Respondent, Steven O. Thornton, from the practice of law in the Commonwealth of Kentucky. The KBA asserts Thornton has failed to file an answer to a Charge as required by SCR 3.164. Thornton's KBA number is 70895, and his bar roster address is 1011 Lehman Ave. Ste. 102, Bowling Green, Kentucky 42103. Thornton was admitted to the practice of law in the Commonwealth on November 1, 1983. He has previously received a private reprimand in 2007 for violation of SCR 3.130(8.1)(b); a private reprimand in 2008 for violations of SCR 3.130(1.3), (1.4)(a) and (b), (1.5)(c), and (8.1)(b); a public reprimand in 2009 for violations of SCR 3.130(1.5)(b) and (8.1)(b); a 181-day suspension in 2013 for violations of SCR 3.130(1.1), (1.3), (1.4), and (8.1)(b) for one client, SCR

---

[1] Rules of the Supreme Court.

3.130(1.4), (1.5)(a), and (8.1)(b) for a second client, and SCR 3.130(1.4), (1.5)(c), and (8.1)(b) for a third client; a private admonition in 2013 for violation of SCR 3.130(1.6)(a); and a private reprimand with conditions in 2018 for violations of SCR 3.130(1.4)(a)(3) and (4), and (8.1)(b).

William J. Mainowski and his wife Rosemary, hired Thornton to represent them in a foreclosure action. The Malinowski's were non-residents of Kentucky and had been served the foreclosure complaint by warning order. In early December 2020, the Malinowksis paid Thornton $5,000 to represent them and produced several documents requested by Thornton. Approximately ten days later, the plaintiffs filed a motion for default judgment averring the Malinowskis had been served by a warning order attorney more than 50 days prior and had not filed an answer or responsive pleading. The motion noted Thornton had contacted plaintiff's counsel seeking a copy of the complaint but had not entered an appearance.

On January 6, 2021, the trial court entered a partial default judgment against the Malinowskis for failing to file an answer. The order noted Thornton had contacted plaintiff's counsel but had not entered an appearance nor filed any pleadings on behalf of the Malinowskis. On February 23, 2021, the trial court entered a default judgment against the Malinowskis, again noting Thornton's apparent involvement and lack of participation in the matter. The Malinowski's property was sold by the Master Commissioner in late-March 2021.

Throughout the pendency of the foreclosure action, Thornton filed no

responsive pleadings, failed to respond to repeated communications from the Malinowskis, and failed to discuss with them what steps were being taken on their behalf. On June 4, 2021, the Mainowskis sent an email to Thornton requesting a refund of the fee they paid him. Thornton did not respond nor issue a refund.

Thornton was served by sheriff with the Malinowski's Bar Complaint on August 19, 2022. He did not respond. The Inquiry Commission issued a Charge against Thornton and service was completed by sheriff on November 20, 2022. No answer was filed.

Thornton has not participated in the Complaint stage or the formal Charge stage of these disciplinary proceedings. Due to Thornton's failure to timely respond, the KBA requests this Court indefinitely suspend him pursuant to SCR 3.167. On an examination of the KBA's petition and supporting documents, we agree.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Respondent, Steven O. Thornton, is indefinitely suspended from the practice of law in the Commonwealth of Kentucky, pursuant to SCR 3.167(1);

2. As required by SCR 3.390, Thornton will within twenty (20) days after the issuance of this order of suspension notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he will inform by mail all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Thornton shall simultaneously provide a copy

of all such letters of notification to the Office of Bar Counsel. Thornton shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Thornton is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130-7.50(5).

VanMeter, C.J., Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

ENTERED: February 16, 2023.

_____
CHIEF JUSTICE

4